UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LISA N.,

        Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

22-CV-06033-MJR

DECISION AND ORDER

    Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 12)

    Plaintiff Lisa N.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 6) is granted, defendant's motion (Dkt. No. 8) is denied, and the case is remanded for further administrative proceedings.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed protectively for DIB and SSI on October 25, 2018, alleging a disability onset date of July 3, 2018. (Administrative Transcript ["Tr."] 377-88). The application was initially denied on January 15, 2019, and upon reconsideration on April 9, 2019. (Tr. 188-97, 207-30). Plaintiff timely filed a request for an administrative hearing. (Tr. 231-48). Following an administrative hearing and a negative decision by an Administrative Law Judge ("ALJ"), the Appeals Council ("AC"), on October 13, 2020, remanded the case for further action.

On February 9, 2021, ALJ John Noel held a telephone hearing, at which Plaintiff participated, along with her counsel. (Tr. 39-80). A vocational expert ("VE") also testified. On May 24, 2021, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 13-38). On November 30, 2021, the AC denied Plaintiff's request for review. (Tr. 1-7). This action followed.

## DISCUSSION

I.   *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.     <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits

- 4 -

[the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth

step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

### III.   *The ALJ's Decision*

Preliminarily, the ALJ found Plaintiff's last-insured date to be September 30, 2024. (Tr. 19). At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 3, 2018, the alleged onset date. (Tr. 19). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine; major depressive disorder; and generalized anxiety disorder. (Tr. 19-20). At step three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20-21). Prior to proceeding to step four, the ALJ determined that Plaintiff retains the RFC to perform:

> light work . . . except that she is further limited to: occasional climbing of ramps and stairs; never climbing of ladders, ropes or scaffolds; frequently balance; occasionally stoop, kneel, crouch, or crawl; and occasionally reach overhead with the upper extremities. The claimant is able to perform simple and routine tasks that are consistent with reasoning levels of 1, 2, or 3 of the DOT (Dictionary of Occupational Titles).

(Tr. 21-27). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (Tr. 27). At step five, the ALJ found Plaintiff capable of performing jobs that exist in significant numbers in the national economy, namely photocopy machine operator, garment folder, and bagger. (Tr. 28). Accordingly, the ALJ determined that Plaintiff has not been under a disability from July 3, 2018, the alleged onset date. (Tr. 29).

### IV. *Plaintiff's Challenge*

Plaintiff argues that the ALJ's decision is not supported by substantial evidence, because the VE's testimony, upon which the ALJ based his decision, is inconsistent with the Dictionary of Occupational Titles ("DOC"), and the ALJ failed to resolve such inconsistency. The Court agrees.

Pursuant to the DOT and the Selected Characteristics of Occupations ("SCO") the jobs of photocopy machine operator and bagger require "frequent" reaching and the job of garment sorter requires "constant" reaching. (Tr. 28, see 207.685-014 Photocopying-machine Operator, DOT 207.685-014; 789.687-066 Garment Folder, DOT 789.687-066 and 920.687-018 Bagger, DOT 920.687-018). The VE's testimony does not adequately address the conflict regarding the ALJ's "occasional" reaching limitation in the RFC and the requirements for frequent and constant reaching for these jobs found in the DOT and the SCO. It is unclear if, by limiting Plaintiff to "occasional" overhead work, she would have been able to perform these jobs.

Contrary to the defendant's argument, this issue was not resolved through the VE's testimony and the questioning by the ALJ.

First, the VE's testimony is simply not clear. Defendant argues that the VE permissibly relied on his "experience" to resolve the conflict between the DOT requirements and his testimony. However, the transcript of the hearing does not expressly support this claim. The ALJ asked the VE "[w]ith respect to overhead reaching, is that . . . based on experience?" To which the VE replied, "it's based on how the job is actually performed. It's a combination of how it's described in the DOT and how it's actually performed in the . . . current labor market." (Tr. 74). The VE never clarified whether his testimony about how the jobs are actually performed was based on his experience or some other source. In other words, the VE did not respond in the affirmative when asked if his testimony was based on his "experience."

In any event, even if it is assumed that the VE was relying on his experience to resolve the conflict, that would not, by itself, without further explanation, be sufficient. Such testimony would not provide clarity as to how the limitations on overhead reaching were not in conflict with the degree of reaching required by the step five jobs. Given that the DOT does not break down directional reaching, the VE's reliance solely on his "experience" would not specifically address the conflict. Nor did the ALJ adequately address the conflict and resolve why the jobs would not require greater overhead reaching. The fact that the VE's opinion was based on his own "experience" does not resolve the conflict. *Lockwood v. Commissioner of Social Security*, 914 F.3d 87, 92 (2d Cir. 2019).

In *Lockwood*, Plaintiff's RFC limited him to no overhead reaching, but the jobs identified by the VE required occasional or frequent reaching according to the DOT. *Lockwood*, 914 F.3d 87 at 89-90. Reaching is defined as "extending the hands and arms

in any direction," SSR 85-15, 1985 WL 56857, at *7 (Jan. 1, 1985). Thus, in *Lockwood*, there was an apparent conflict between the RFC and the identified jobs. *Lockwood*, 914 F.3d 87 at 92. "Testimony that a claimant with overhead reaching limitations is capable of performing a job that the Dictionary describes as requiring 'reaching', then, creates at least an apparent conflict that triggers the Commissioner's duty to elicit an explanation that would justify crediting the testimony." *Id.*

*Lockwood* requires that the ALJ first acknowledge the conflict between the descriptions in the DOT and SCO and the VE's proposed jobs for Plaintiff, and then require the VE to provide a reasonable explanation for the discrepancy. *Id.* (noting that an ALJ has a duty to address such apparent conflicts, and "it is the Commissioner's responsibility to obtain a reasonable explanation for any such discrepancies, and not this Court's obligation to concoct one *post hoc.*"); *see also Christine J. v. Comm'r of Soc. Sec.*, No. 1:20-CV-0622 CJS, 2021 WL 4451691, at *8 (W.D.N.Y. Sept. 29, 2021); *Munoz v. Comm'r of Soc. Sec.*, No. 20-CV-2496 (KAM), 2021 WL 4264814, at *9 (E.D.N.Y. Sept. 20, 2021); *Roberto v. Saul*, No. 20-CV-1923 (AMD), 2021 WL 3912298, at *6 (E.D.N.Y. Sept. 1, 2021).

Here, the VE basically provided no explanation. The VE's testimony failed to explain how the limitations on overhead reaching were not in conflict with the degree of reaching required by the step five jobs, other than to rely on his "experience," which as explained above, is insufficient. *See Lockwood*, 914 F.3d 87 at 92. The VE offered no indication that he relied on job observation, research, specific knowledge of the job or any other source. Thus, remand is required. *Matthew M. v. Comm'r of Soc. Sec.*, 2022 WL 3346949, at *4 (W.D.N.Y. Aug. 12, 2022).

It is important to remember that at step five, the burden "shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642. The ALJ's finding that Plaintiff was not disabled as defined by the SSA was not supported by substantial evidence in this record because the ALJ improperly relied on VE testimony that conflicted with the DOT and SCO. Upon remand, the Commissioner should obtain a reasonable explanation concerning this apparent conflict.[3]

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 6) is granted, defendant's motion for judgment on the pleadings (Dkt. No. 8) is denied, and the case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:  October 30, 2024
        Buffalo, New York

                                    _____
                                    MICHAEL J. ROEMER
                                    United States Magistrate Judge

---

[3] The Plaintiff also argues that remand is required because the ALJ's evaluation of the medical opinion evidence was inadequate. The defendant should also address this argument on remand.